UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARK A. ANGEVINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:04CV0862 AGF |
| ) | |
| BELTSERVICE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER OF REMAND

This matter is before the Court upon review of the file.[1] Plaintiff, a Missouri citizen, filed this action in the Circuit Court of St. Louis County, Missouri, seeking relief under § 213.111.2, Mo. Rev. Stat. (which is part of the Missouri Human Rights Act), claiming that his former employer, also a Missouri citizen, discriminated against him. Plaintiff alleged that Defendant failed to place him on light duty, as requested, after Plaintiff sustained an injury on the job, and then terminated him after he complained about this. Plaintiff asserted that he filed a charge with the Missouri Commission on Human Rights and received a right-to-sue notice. Attached to his state court petition is a copy of a right-to-sue notice issued by the St. Louis, Missouri, district office of the Equal Employment Opportunity Commission (EEOC).

Defendant removed the action to this Court, asserting federal question jurisdiction. Defendant maintained that the action arose under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., because of the EEOC notice attached to the petition. Although Plaintiff had not requested remand to state court, this Court has

---

[1] The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

the obligation to assess its jurisdiction sua sponte if it appears that jurisdiction may be lacking.  See, e.g., Carlson Holdings, Inc. v. NAFCO Ins. Co., 205 F.Supp.2d 1069, 1071 (D. Minn. 2001) (citing Fed. R. Civ. P. 12(h)(3)).  Furthermore, a district court has the authority to remand a case over which it has no subject matter jurisdiction.  In re Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000).  There appearing to be no federal question jurisdiction here, the Court issued a Show Cause Order giving the parties an opportunity to explain why this case should not be remanded to state court.

In response to the Show Cause Order, Defendant argues that federal question jurisdiction is established by the right-to-sue notice attached to Plaintiff's petition because the notice only references Plaintiff's right to sue under federal employment discrimination laws, and does not mention the Missouri Human Rights Act.  Upon review of the record, the Court finds no basis for federal jurisdiction.  Under the well-pleaded complaint rule, federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  This rule "makes the plaintiff master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  Id.  Further, all doubts concerning the existence of federal question jurisdiction are to be resolved in favor of remand.  In re Business Men's Assurance Co., 992 F.2d 181, 183 (8th Cir. 1993).

Here Plaintiff has made no reference to federal law in his state petition.  The fact that an EEOC right-to-sue notice is attached to his petition does not convert his state law claims into federal ones.  Nor is the ADA a statute that preempts state laws prohibiting discrimination based upon a disability.  Thus, the complete-preemption exception to the well-pleaded complaint rule does not apply here.  See Crane v. New Orleans Real Estate Investors Assoc., Inc., 2004 WL 1555253 (E.D. La. 2004) (unpublished) (federal district

court sua sponte remanded state petition for lack of federal question jurisdiction where petition relied upon state law even though it included facts which implicated the ADA); Manzella v. United Parcel Serv. Inc., 2002 WL 31040170, at *3-4 (E.D. La. 2002) (unpublished) (employment discrimination petition filed in state court which cited no statutory basis for claims was not removable based upon federal question jurisdiction even though petition sought punitive damages which were not recoverable under state law but were recoverable under Title VII); Stephens v. Cowles Media Co., 995 F. Supp. 974, 978 (D. Minn. 1998) (action alleging employment discrimination and retaliation under state human rights act was not converted to Title VII claim, as would render case removable on federal question grounds, by plaintiff's allegation that she exhausted administrative remedies as required to bring Title VII claim).

The two cases cited by Defendant in its response to the Show Cause Order are inapposite as neither involves a federal jurisdiction question.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **REMANDED** to the Circuit Court for the County of St. Louis, Missouri.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot.

Dated this 20th day of May, 2005.

AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE